FILED

2020 May-07  PM 02:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| TARA FLOWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case Number: |
| v. | ) | _____ |
| | ) | |
| AT&T SOUTHEAST DISABILITY | ) | |
| BENEFITS PROGRAM (PLAN), and | ) | |
| SEDGWICK CLAIMS MANAGEMENT | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## PRELIMINARY STATEMENT

1.      Plaintiff TARA FLOWERS, hereinafter referred to as "Plaintiff," brings this ERISA action against AT&T Southeast Disability Benefits Program (Plan), and Sedgwick Claims Management Services, Inc., in their capacities as Administrators of the AT&T Southeast Long Term Disability Plan, hereinafter referred to as "Defendants".  Plaintiff brings this action to secure all disability benefits, whether they be described as short term, long term and/or waiver of premium claims to which Plaintiff is entitled under a disability insurance Plan underwritten and administered by Defendants.  Plaintiff is covered under the Plan by virtue of her employment with AT&T Southeast.

## PARTIES

2.      Plaintiff is a citizen and resident of Birmingham, Alabama.

3.      Defendants are properly organized business entities doing business in the State of Alabama.

4.      The disability Plan at issue in the case at bar was funded and administered by Defendants.

5.      Defendants are business entities doing business in the Northern District of Alabama.  Defendant AT&T Southeast Disability Benefits Program (Plan) may be served with process by serving its registered agent, CT Corporation, 350 N. St. Paul Street, Dallas, Texas 75201. Defendant Sedgwick Claims Management Services, Inc. may be served with process by serving its registered agent, Commissioner of Service, Alabama Department of Insurance, Legal Division, P.O. Box 30351, Montgomery, Alabama 36130-3351.

## JURISDICTION AND VENUE

6.      This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States of America. Specifically, Plaintiff brings this action to enforce her rights under section 502(a)(1)(B) of the Employee Retirement Income Security Act, (ERISA), which provides "[a] civil action may be brought . . . (1) by a participant or by a beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his

rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).

7.     Venue in the Northern District of Alabama is proper by virtue of Defendants doing business in the Northern District of Alabama.   Under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."  29 U.S.C. § 1132(e)(2).  Therefore, venue may also be proper under the third prong of ERISA's venue provision, specifically "where a defendant resides or may be found." (*Id*  Here, Defendants are "found" within the Northern District of Alabama, as they do business here, and the court has personal jurisdiction over Defendants, as they have sufficient ties to the United States.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8.     Plaintiff has been a covered beneficiary under group disability benefits Plan issued by Defendants at all times relevant to this action

9.     The disability Plan at issue was obtained by Plaintiff by virtue of Plaintiff's employment with AT&T Southeast at the time of Plaintiff's onset of disability.

10.    Under the terms of the Plan, Defendants administered the Plan and retained the sole authority to grant or deny benefits to applicants.

3

11.     Defendants fund the Plan benefits.

12.     Because Defendants both fund the Plan benefits and retain the sole authority to grant or deny benefits, Defendants have inherent conflicts of interest.

13.     Because of the conflicts of interest described above, this Court should consider Defendants' decisions to deny disability benefits as important factors during its review in determining Defendants' abuse of discretion.

14.     Further, in order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

15.     Defendants have a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

## ADMINISTRATIVE APPEAL

16.     Plaintiff is a 46 year old woman previously employed by AT&T Southeast as a "Facility Assignment Specialist."

17.     Facility Assignment Specialist is classified under the Dictionary of Occupational Titles as Sedentary with an SVP of 7 and considered to be skilled work.

18.     Due to Plaintiff's disabling conditions, Plaintiff ceased actively

4

working on April 14, 2018 as on this date Plaintiff suffered from diarrhea, dumping syndrome, and hypokalemia diarrhea.

19.     Plaintiff alleges that she became disabled on April 20, 2018.

20.     Plaintiff filed for short term disability benefits with Defendant.

21.     Short term disability benefits were granted.

22.     Plaintiff filed for long term disability benefits through the plan administered by the Defendant.

23.     On May 24, 2018, Defendants denied short term disability benefits under the Plan.  Said letter allowed Plaintiff 180 days to appeal this decision.

24.     At the time Defendants denied Plaintiff short term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform her "Own Occupation."

25.     If granted the Plan would pay monthly benefit of $3,101.28.

26.     On November 20, 2018, Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

27.     Plaintiff timely perfected her administrative appeal pursuant to the Plan by sending letter requesting same to the Defendants.

28.     Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of both her own and any

5

other occupation as defined by the Plan.

29.    Additionally, the Social Security Administration issued a fully favorable decision on Plaintiff's claim for disability benefits under Title II and Title XVI of the Social Security Act, finding that Plaintiff is "disabled" during the relevant time period. Notably, the SSA's definition of disability is significantly more restrictive than Defendant's as they require the claimant to be unable to work in "any occupation in the National Economy."

30.    Defendant was provided documentation of the Social Security Administration's finding that Plaintiff was found to be totally disabled under Title II and Title XVI of the Social Security Act.

31.    On or about May 17, 2018, Defendant's paid consultant, Katherine Duvall, M.D., MPH, MS, occupational medicine, performed a paper review of Plaintiff's claim file.

32.    On or about May 22, 2018, Defendant's paid consultant, Katherine Duvall, M.D., MPH, MS, occupational medicine, prepared an addendum to her paper review of Plaintiff's claim file.

33.    Defendant's consultant completed her reports without examining Plaintiff.

34.    On July 17, 2019, Defendant notified Plaintiff that Defendant affirmed

6

its original decision to deny Plaintiff's claim for long term disability benefits.

35.    Defendant also notified Plaintiff on July 17, 2019 that Plaintiff had exhausted her administrative remedies.

36.    Defendants, in their final denials, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

37.    Plaintiff has now exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## MEDICAL FACTS

38.    Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

39.    Plaintiff suffers from dumping syndrome; diarrhea; diabetes; hypertension; pancreatitis; hypokalemia diarrhea; shortness of breath (SOB); nausea; and vomiting.

40.    Treating physician's document contained chronic pain, as well as weakness.

41.    Plaintiff's multiple disorders have resulted in restrictions in activity, and have significantly curtailed her ability to engage in any form of exertional

activity.

42.    Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

43.    Plaintiff's treating physicians document these symptoms. Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.

44.    Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address her multiple symptoms.

45.    However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

46.    Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month.

47.    Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

48.    The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

49.     As such, Plaintiff has been and remains disabled per the terms of the Plans and has sought disability benefits pursuant to said Plan.

50.     However, after exhausting her administrative remedies, Defendants persist in denying Plaintiff her rightfully owed disability benefits.

## DEFENDANT'S CONFLICT OF INTEREST

51.     At all relevant times, Defendants have been operating under inherent and structural conflicts of interest as Defendants are liable for benefit payments due to Plaintiff and each payment depletes Defendants' assets.

52.     Defendants' determinations were influenced by their conflicts of interest.

53.     Defendants have failed to take active steps to reduce potential bias and to promote accuracy of their benefits determinations.

54.     The Plan gave Defendants the right to have Plaintiff submit to a physical examination at the appeal level.

55.     A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

56.     More information promotes accurate claims assessment.

57.     Despite having the right to a physical examination, Defendants did not ask Plaintiff to submit to one.

## COUNT I:

## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

58.     Plaintiff incorporates those allegations contained in paragraphs 1 through 57 as though set forth at length herein.

59.     Defendants have wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

> a.      Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;

> b.      Defendants failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

> c.      Defendants' interpretations of the definition of disability contained in the Plan are contrary to the plain language of the Plan, as they are unreasonable, arbitrary, and capricious; and

> d.      Defendants have violated their contractual obligations to furnish disability benefits to Plaintiff.

## COUNT II:  ATTORNEY FEES AND COSTS

60.     Plaintiff repeats and realleges the allegations of paragraphs 1 through

59 above.

61.    By reason of the Defendants' failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, **Plaintiff demands judgment for the following:**

A.    Grant Plaintiff declaratory relief, finding that she is entitled to all past due short term and long term disability benefits yet unpaid;

B.    Order Defendant to pay past short term and long term disability benefits retroactive to July 24, 2018 to the present in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan, plus pre-judgment interest;

C.    Order Defendants to remand claim for future administrative review and continue to make future long term disability benefits in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan until such time as Defendants make an adverse determination of long-term disability consistent with ERISA and Plaintiff's entitlements under the Plan;

D.    Order Defendants to pay for the costs of this action and Plaintiff's

attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

E.     For such other relief as may be deemed just and proper by the Court.

Respectfully submitted this the 7th day of May, 2020.

/s/ Peter H. Burke
Peter H. Burke (ASB-1992-K74P)
pburke@burkeharvey.com
BURKE HARVEY, LLC
3535 Grandview Parkway, Suite 100
Birmingham, Alabama 35243
Phone: 205-930-9091
Fax: 205-930-9054

Britney Anne Heath McDonald
(*PHV forthcoming*)
Tex. Bar. No. 24083158
Fed. I.D. No. 2621983
britney@marcwhitehead.com
MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW L.L.P.
403 Heights Boulevard
Houston, Texas 77007
Telephone: 713-228-8888
Facsimile: 713-225-0940

*ATTORNEYS FOR PLAINTIFF,*
*TARA FLOWERS*

## **PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AT:**

AT&T SOUTHEAST DISABILITY BENEFITS PROGRAM
c/o CT Corporation
1999 Bryan Street, Suite 900
Dallas, Texas  75201

Sedgwick Claims Management Services
c/o Commissioner of Service
Alabama Department of Insurance
Legal Division
P. O. Box 30351
Montgomery, Alabama  36130